FILED
SUPERIOR COURT
OF GUAM

2018 JAN -5 PM 2: 28

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0579-17 |
| --- | --- |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| JACOB JAMES QUITUGUA, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Jacob James Quitugua's Motion to Sever Theft and Drug Charge, filed December 11, 2017. Attorney Leevin T. Camacho represents Defendant. Assistant Deputy Attorney General James C. Collins represents the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On October 24, 2017, an Indictment was filed against Defendant and codefendants Rai Onedera Blas, Justin-Rey John Alcantara, and Harry George Cook Cruz. Defendant is charged with the following: (1) Theft by Receiving Stolen Property (As a Second Degree Felony); and (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony).[1] (Indictment, Oct. 24, 2017). Co-defendants Rai Onedera Blas, Justin-Rey John Alcantara, and Harry George Cook Cruz are each charged with Theft by Receiving Stolen Property (As a Third Degree

---

[1] These charges are reflected in the Indictment as Charge Four and Charge Five.

*People v. Quitugua*
Case No. CF0579-17
Decision and Order

Felony). *Id.* These charges stem from an investigation into a stolen MacBook computer from a victim's home in July 2017, and the subsequent discovery of suspected methamphetamines in Defendant's residence during the execution of a search warrant for the computer in October 2017. *See* Decl. of Jeremiah B. Luther, Magistrate's Compl., Oct. 7, 2017; Opp'n, Dec. 18, 2017. On November 22, 2017, Defendant asserted his right to speedy trial.[2] Jury Selection and Trial is currently set to commence on January 17, 2018 at 1:30 p.m.

On December 11, 2017, Defendant filed a Motion to Sever Theft and Drug Charge. On December 18, 2017, the Government filed its Opposition. On December 19, 2017, at a Further Proceedings hearing, the parties indicated that the matter could be submitted on the briefs, and the Court subsequently placed it under advisement.

## DISCUSSION

Defendant moves the Court to sever the drug charge from the theft charges. Defendant argues that pursuant to 8 G.C.A. § 55.35, the charges must be severed from each other because "there is no connection whatsoever between Quitugua buying a computer and having drugs." (Mot. at 2, Dec. 11, 2017).

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35.[3] When determining whether offenses are properly joined,

---

[2] On November 8, 2017, at Arraignment, co-defendant Blas waived his right to speedy trial. *See* Minute Entry, Nov. 8, 2017; Waiver of Speedy Trial (Blas), Nov. 13, 2017. At Arraignment and the subsequent Criminal Trial Setting, co-defendant Cruz requested a trial date pursuant to statute. *See* Minute Entry, Nov. 15, 2017; Minute Entry, Nov. 27, 2017. On November 15, 2017, a Bench Warrant was issued for co-defendant Alcantara for failure to appear at his Arraignment Hearing. *See* Bench Warrant, Nov. 15, 2017; Minute Entry, Nov. 15, 2017.

[3] Section 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure. *See* 8 G.C.A. § 55.35, Note. Rule 8(a) provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8.

*People v. Quitugua*
Case No. CF0579-17
Decision and Order

courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Furthermore, "the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (citing *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990)). "[T]he primary purpose of Rule 8(a) joinder is to ensure that a given transaction need only be proved once. . . . Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009). (citations, internal quotation marks, and alterations omitted). *See also Terry*, 911 F.2d at 276 ("When . . . joined offenses are not connected and are not provable by the same evidence, joinder is improper.").

As Defendant puts forth in his Motion, the underlying allegation in this matter is a stolen computer which was later sold to a co-defendant and then to Defendant himself. *See* Mot. at 2. During the investigation into the stolen computer, a search warrant was executed for the computer at Defendant's residence where ultimately the computer and drug evidence were found. *Id.* The Government argues that a "trial of either offense will . . . require testimony concerning identical evidence and statements" as Defendant was questioned about both the drugs and the computer at the same time and he also made a written statement about both the drugs and the computer. (Opp'n at 3-4).

The Court acknowledges the Government's argument that a drug addiction might provide a motive to engage in theft offenses; however, based on the allegations in the Indictment, the Court does not find that the theft charge and the drug charge in this matter are so directly related. In this case, Defendant is charged with Theft by Receiving Stolen Property for possessing a MacBook that was stolen three months prior. Although there is evidence that will overlap between the theft by receiving charge and the possession charge by virtue of them being found in the same location, the Court does not find that they were part of the same act or transaction, nor did they necessarily constitute part of a common scheme or plan. Accordingly,

the Court finds joinder of the two charges improper in this matter, and GRANTS Defendant's Motion to Sever.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Sever Theft and Drug Charge.

**IT IS SO ORDERED** this 4th day of January, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: *Ag. L. Camacho*

Date: 1/5/18  Time: 3pm

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

*People v. Quitugua*
Case No. CF0579-17
Decision and Order